IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATALIE ROSSI,

                Plaintiff,                OPINION AND ORDER

v.

                                        19-cv-185-wmc

MESSERLI & KRAMER, P.A.,

                Defendant.

Plaintiff Natalie Rossi claims defendant Messerli & Kramer, P.A. ("Messerli"), a debt collection firm, falsely implied that an attorney had been meaningfully involved in her debt collection proceedings in violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(3).[1] Specifically, plaintiff claims that she received a state court summons and complaint signed by a Messerli attorney, but that the attorney could not have meaningfully reviewed the complaint due to her large workload. Defendant has moved to dismiss plaintiff's case, arguing that she has failed to state a claim upon which relief can be granted. (Dkt. #14.) For the reasons discussed below, the court must deny defendant's motion.

ALLEGED FACTS[2]

On February 8, 2019, Messerli -- on behalf of its client, Capital One -- filed a

---

[1] Plaintiff's original complaint contained various other claims against Messerli and Capital One Bank, USA, N.A. ("Capital One"). (*See* Compl. (dkt. #1).) However, on October 15, 2019, the parties stipulated to dismissal of certain claims against Messerli and all claims against Capital One, leaving only this remaining § 1692e(3) claim against Messerli. (*See* dkts. #30, 31.)

[2] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all of the factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007). Defendant raises several concerns about the validity of

summons and complaint against plaintiff Natalie Rossi in Dane County Circuit Court to collect on a debt allegedly owed its client, Capital One. The complaint was filed by Messerli Attorney Gina Ziegelbauer, who was admitted to the Wisconsin bar in 2012. According to plaintiff, an online search of court records shows that Ziegelbauer has been an attorney of record in more than 5,000 cases in Wisconsin since her bar admittance eight years ago. Plaintiff also alleges that as of March 6, 2019, Ziegelbauer was an attorney of record in 852 cases in Dane County; 458 cases in Brown County; 592 cases in Waukesha County; 482 cases in Racine County; and 2,988 cases in Milwaukee County. Plaintiff additionally claims that Wisconsin circuit court records show that Ziegelbauer had scheduled 16 hearings on March 7, 2019; 25 hearings on March 8; 47 hearings on March 11; and 20 hearings on March 12.[3]

Defendant objects to plaintiff's use of these scheduled hearings to support her claim, pointing out that many counties do not require an attorney to appear at the initial hearing.

---

the facts pled in the complaint, arguing that "[f]actual allegations that are untrue, as demonstrated by the pleadings themselves, are not plausible and should not be taken as true." (Def.'s Br. (dkt. #19) 10.) It is true that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As such, in the course of this opinion the court will address defendant's specific concerns regarding the plausibility of certain allegations made by plaintiff.

[3] The complaint further alleges that Ziegelbauer had 75 hearings scheduled on January 2, 2019, which defendant seizes on to suggest that plaintiff is "cherry-picking" dates that do not accurately reflect Ziegelbauer's workload. (Def.'s Br. (dkt. #19) 7.) Plaintiff responds that the January date was a typo, and that "in context, it should be understood to note hearings on March 13, the day after March 12 and the end of the sequence beginning March 7th through March 13, which is the five-day period that began on the day counsel drafted the original complaint." (Pl.'s (dkt. #22) 28.) This informal "amendment" to the complaint need not be resolved, however, as the four other dates provided by plaintiff are adequate to allow a reasonable trier of fact to infer that Ziegelbauer was too overburdened to be meaningfully involved in the filing of the complaint against plaintiff as addressed in the opinion above.

(Def.'s Br. (dkt. #19) 7; Def.'s Reply (dkt. #28) 3-4.) Defendant contends that "[p]laintiff's suggestion that the scheduling of these 'hearings' means that Attorney Ziegelbauer could not have been meaningfully involved in the review and signing of Plaintiff's state court complaint is untrue and can be clearly refuted by court rules and public records." (Def.'s Br. (dkt. #19) 7.) However, plaintiff anticipated this argument in the complaint itself:

> Many of Ziegelbauer's court dates are for a 'return date,' which means that at least outside of Milwaukee County an appearance may not be required by Attorney Ziegelbauer, but for each such "return date," Attorney Ziegelbauer would be required to monitor the outcome of the return date; if an answer was filed or an appearance made, Attorney Ziegelbauer would be required to note such a result because further court appearances would be required; if no answer was filed or appearance made, Attorney Ziegelbauer would have to make a determination about whether service had been properly achieved and if so whether a default judgment motion should be made, so even in matters where no appearance is required Attorney Ziegelbauer would be the attorney receiving notice of what transpired at that hearing and would have to review and act on multiple different court outcomes each day.

(Am. Compl. (dkt. #9) ¶ 22; Sec. Am. Compl. (dkt. #33) ¶ 18.) Because these allegations are at least plausible, whether it is so will have to be a subject of factual investigation.

Even if not enough by itself, plaintiff further alleges that in the month leading up to February 6, 2019 -- the date that Ziegelbauer signed the complaint against Rossi – Ziegelbauer also filed 613 new cases, which amounts to "an average of 26 new cases per workday, atop her average hearing load of 36+ hearings per day. Assuming a 9 hour workday with no breaks, Ziegelbauer has at best 20 minutes per case to review each complaint." (Sec. Am. Compl. (dkt. #33) ¶¶ 19-20.) Plaintiff concludes that "the case

3

load and client load for Attorney Ziegelbauer is so high that Ziegelbauer cannot and does not meaningfully review and attend to the cases she files before she files them." (*Id.* ¶ 22.) In addition, plaintiff alleges that while Capital One sent certain documents to the Messerli law firm regarding Rossi's debt, these documents were "minimal at best, and did not include any documentation of the original debt, . . . did not include more than a handful of billing statements, and did not include any notices of default or notices of right to cure a default." (*Id.* ¶ 25.)

According to the complaint, these alleged facts indicate that "Ziegelbauer has neither sufficient time nor sufficient information to do a meaningful review of a debtor's file before approving a given pleading." (*Id.* ¶ 27.) Moreover, plaintiff further contends that Rossi reasonably assumed that Ziegelbauer had reviewed the matter and was meaningfully involved based on the representations in the state court complaint, when in fact Ziegelbauer could not have done so.[4] If she had known that Ziegelbauer was not meaningfully involved, Rossi further alleges that she would have felt more able to contest the debt. Finally, she claims that she suffered emotional distress at being dunned by a lawyer.

---

[4] Defendant points out that plaintiff's complaint states that "it is likely that no *Rausch* lawyer has meaningfully reviewed any matter before a demand was sent." (Def.'s Br. (dkt. #19) 11 (citing Am. Compl. (dkt. #9) ¶ 33).) Defendant writes: "it is not clear why Rossi raises any allegation as to a 'Rausch lawyer' when they are not party or involved in this suit in any way." (*Id.*) Ignoring the irony this typo suggests as to the assembly line nature of Attorney Pagel's own pleadings, it is apparent that plaintiff intended to write "Messerli" instead of "Rausch." Even if the court were to disregard this sentence, plaintiff states the correct firm point elsewhere in the complaint. (*See* Am. Compl. (dkt. #9) ¶ 31.)

OPINION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In doing so, the court must "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chi.*, 810 F.3d 476, 480-81 (7th Cir. 2016).

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." § 1692e(3). In the context of dunning letters, the Seventh Circuit has explained that if a communication is purportedly from an attorney but "not the product of the attorney's professional judgment . . . then the letter is misleading." *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002) (citing *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)). Examples of insufficient attorney involvement include: "if [the attorney] has not independently determined that the debt is ripe for legal action by reviewing the debtor's file . . . ; if he has not exercised discretion in deciding whether and when the letter should be sent to a given debtor; [or] if he does not see the individual letter before it is sent." *Id.*

5

Here, plaintiff alleges that "Messerli falsely represented or implied that an attorney was meaningfully involved in the debt collection process when it filed a summons and complaint in the state court action and otherwise engaged in debt collection against Rossi" in violation of § 1692e(3). (Am. Compl. (dkt. #9) 6.)[5] Defendant primarily contends that plaintiff has not alleged sufficient facts to establish a lack of meaningful attorney involvement. (Def.'s Br. (dkt. #19) 5.) Specifically, defendant argues an allegation that Ziegelbauer's caseload made it "extremely unlikely" she had the "time or ability" to review Rossi's file meaningfully is conclusory and insufficient to state a viable claim of a § 1692e(3) violation. (*Id.*; Def.'s Reply (dkt. #28) 2 (citing *Morales v. Pressler & Pressler LLCP*, 2015 WL 1736350 (D.N.J. Apr. 13, 2015)).)

In so arguing, defendant likens this case to *Richardson v. Midland Funding*, LLC, 2013 WL 6719110 (D. Md. Dec. 18, 2013), in which the court rejected plaintiff's claim that the attorney who signed the complaint could not have been meaningfully involved because he had signed approximately 11,668 other collection complaints. *Id.* at *8. The *Richardson* court found that claim "speculative" and dismissed the claim. *Id.* However, this and other citations advanced by defendant come from district courts outside of this circuit, and "[f]ederal courts in Wisconsin have acknowledged that allegations of extreme attorney workload and minimal attorney oversight can state a claim for relief under § 1692e(3)."

---

[5] Because Capital One was not required to send a right to cure notice, defendant's initial brief also argues that Messerli cannot be found liable for any alleged misrepresentation regarding an attorney's involvement in the preparation of the notice. (Def.'s Br. (dkt. #19) 3-5.) In plaintiff's opposition, however, she clarifies that her claim is only that Ziegelbauer did not meaningfully review the state court complaint against Rossi before signing and filing it. She has, therefore, disavowed any § 1692e(3) claim regarding the right to cure letter. (Pl.'s Opp'n (dkt. #22) 25.)

6

*Bahena v. Jefferson Capital Sys., LLC*, 363 F. Supp. 3d 914, 928 (W.D. Wis. 2019). For example, in *Satran v. LVNV Funding, LLC*, No. 17-CV-896-JDP, 2018 WL 2464486 (W.D. Wis. June 1, 2018), the plaintiff similarly pleaded that "the attorney who signed the [debt collection] complaint was attorney of record in an unusually large number of cases, suggesting that she was not applying her professional judgment to each case." *Id.* at *7. This court held that these "allegations contain 'enough details about the subject-matter of the case to present a story that holds together,' so they are sufficient at the pleading stage." *Id.* (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Similarly, in *Bahena v. Jefferson Capital Sys., LLC*, No. 17-CV-461-JDP, 2018 WL 2464485 (W.D. Wis. June 1, 2018), this court let a § 1692e(3) claim proceed based on allegations of attorney workload, adopting the previous reasoning in *Satran*. Even more recently, in *Diehm v. Messerli & Kramer, P.A.*, No. 18-CV-830-WMC, 2019 WL 6790432 (W.D. Wis. Dec. 12, 2019), this court allowed plaintiff's § 1692e(3) claim to go to trial where plaintiff presented "evidence of the mill-like pleading review" in place at the debt collector's firm. *Id.* at *1.[6] These cases all involved similar pleadings, and

---

[6] After the close of briefing, defendant filed a copy of a recent case from the Western District of Michigan, *Buchholz v. Meyer Njus Tanick, PA*, 2020 WL 35431 (W.D. Mich. Jan. 3, 2020). (*See* Notice of Supplemental Authority (dkt. #34).) In that case, as in the present one, the plaintiff alleged misrepresentation under § 1692e(3) after receiving a letter signed by an attorney who allegedly could not have meaningfully reviewed it due to the debt collector's large case load. *Buchholz*, 2020 WL 35431, at *1. Ultimately, the court did not reach the merits of the plaintiff's claim, finding that he suffered no traceable injury and, therefore, lacked standing to sue. *Id.* Defendant here, however, does not argue a lack of standing, nor could it given this court's decision in *Diehm*. In *Diehm*, as in this case, the plaintiff alleged that she "would have acted differently if she knew the Messerli attorney who signed the complaint had not meaningfully reviewed and verified it." 2019 WL 6790432, at *1. Ultimately, the court concluded that this was a traceable injury, such that plaintiff had standing to pursue her claim. *Id.* at *1.

indeed were filed by the same attorney -- Brian Pagel -- who is plaintiff's counsel in this case as well.

In accordance with its previous rulings, this court concludes that plaintiff has provided sufficiently detailed allegations to survive defendant's motion to dismiss.

ORDER

IT IS ORDERED that defendant's motion to dismiss (dkt. #18) is DENIED.

Entered this 21st day of February, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge